IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT M. HABLUTZEL, #Y46216,  )<br>  )<br>　　　　　　Plaintiff,　　　)<br>  )<br>vs.　　　　　　　　　　　　　)<br>  )<br>FAYETTE COUNTY ILLINOIS,　　)<br>FAYETTE COUNTY, IL SHERIFF'S )<br>DEPARTMENT,　　　　　　　　)<br>VANDALIA, IL POLICE DEPARTMENT )<br>SHERIFF RONNIE STEVENS,　　　)<br>DUSTIN CADE,　　　　　　　　)<br>BLAIN REDMAN,　　　　　　　)<br>and BROC RICH,　　　　　　　)<br>  )<br>　　　　　　Defendants.　　　)  | Case No. 23-cv-03372-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Scott M. Hablutzel, an inmate in the Illinois Department of Corrections and currently incarcerated at Illinois River Correctional Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under state and federal law resulting from the deprivation of his property. Plaintiff seeks monetary relief.[1] (Doc. 1).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and dismiss portions that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(a)-(b).

---

[1] This is one of four complaints Plaintiff filed on October 13, 2023. *See also Hablutzel v. Fayette County, Illinois, et al.*, Case No. 23-cv-03370-NJR; *Hablutzel v. Fayette County, Illinois*, Case No. 23-cv-03371-DWD; and *Hablutzel v. Fayette County Illinois, et al.*, Case No. 23-cv-03375-JPG. All four complaints concern events occurring in the days leading up to Hablutzel's state prosecution on or around March 2021. The complaints in two cases, *i.e.*, Case No. 23-cv-03370-NJR and Case No. 23-cv-03371-DWD, are virtually identical to one another. The third complaint, *i.e.*, Case No. 23-cv-03375, addresses claims of intentional infliction of emotional distress.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-6): Sheriff Ronnie Stevens secured a warrant for Plaintiff's arrest on or around March 24, 2021. However, the sheriff allegedly filed an affidavit containing false information about his property in the process. Sheriff Stevens identified Plaintiff as the owner of: (a) a Nissan Versa, which was actually registered to Robin Mark; and (b) a black pickup truck, which was never registered to, located on, or found near the address listed in the affidavit. At the time, Plaintiff's name was registered to one vehicle, a 1978 Ford F150, which was stored at 1407 West Main Street in Vandalia, Illinois. *Id*. at 3. He did not reside at or receive mail at this address; he was merely using the garage while he restored his vehicle. *Id*.

For two weeks beginning March 24, 2021, Sheriff Stevens, Officer Cade, Officer Redman, and Officer Rich "destroyed" the house located at 1407 West Main Street in Vandalia, Illinois, after claiming that the plaintiff hid money inside. *Id*. at 2. The officers removed Plaintiff's personal property from the garage.[2] They seized Plaintiff's property from the back of the Nissan Versa.[3] They also took stereo equipment, tools, and a winch that was bolted to the front of the 1978 Ford F150, despite the fact that these items were not listed in the warrant. *Id*. at 3. The Vandalia Police Department and Fayette County Sheriff's Department also refused to release information about Plaintiff's property to his power of attorney. *Id*.

Plaintiff maintains that the unlawful seizure of this property ran afoul of numerous local rules and regulations, state laws, and his federal constitutional rights under the Fourth and Fourteenth Amendments. *Id*. at 4.

---

[2] This property included a Chicago electric 240V welder (black), air compressor (125 psi) (blue), paint equipment, house speakers, hand tools, power tools, and rechargeable batteries. *Id*.
[3] This property consisted of a saw, drill, batteries, jack, jack stands, and towing chains. *Id*.

**Discussion**

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

Count 1: Fourth Amendment claim against Defendants for the unlawful seizure of Plaintiff's property on or around March 24, 2021.

Count 2: Fourteenth Amendment claim against Defendants for the deprivation of Plaintiff's property without due process of law on or around March 24, 2021.

Count 3: Miscellaneous local and/or state law claims against Defendants for the deprivation of Plaintiff's property on or around March 24, 2021.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[4]**

**Count 1**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches or seizures, shall not be violated." U.S. CONST. amend IV. A "'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Dix v. Edelman Fin'l Servs., LLC*, 978 F.3d 507 (7th Cir. 2020) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Whether Plaintiff suffered a seizure in violation of the Fourth Amendment therefore depends on whether he had a possessory interest in the property at issue and whether the seizure was reasonable. *Id*.

Plaintiff complains that the defendants "destroyed" the home located at 1407 West Main Street in Vandalia, Illinois. Plaintiff makes it clear that he did not own the home. He also admits that he did not reside there or receive mail there, at any time. In other words, Plaintiff has no possessory interest in the home that he now claims was "destroyed" by the defendants. Plaintiff

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

lacks the necessary possessory interest in this property to support a Fourth Amendment claim for its seizure or destruction.

Plaintiff also complains about the unlawful seizure of two vehicles: a Nissan Versa and black pickup truck. However, Plaintiff adds that neither vehicle belonged to him. He states that the Nissan Versa was registered to another individual, and the black pickup truck was not registered to, located on, or found near the address listed in the sheriff's affidavit. Plaintiff thus lacks the necessary possessory interest in these vehicles to support his Fourth Amendment claim.

Plaintiff next asserts that the defendants confiscated or destroyed certain personal property that he stored in the Nissan Versa, Ford F150, and garage located at 1407 West Main Street in Vandalia, Illinois. Assuming he had some possessory interest in this property, however, Plaintiff's claim still fails. Beyond general characterizations, Plaintiff has not explained how or why the individual defendant's seizure of this property was unreasonable under the circumstances. *See Soldal v. Cook County*, 506 U.S. 56, 71 (1992) ("The standard for whether a seizure survives constitutional scrutiny is reasonableness, not merely whether officers had a warrant."). The allegations are insufficient to support a claim against the individual defendants.

Plaintiff attempts to hold the municipalities liable by naming as defendants the following: Fayette County, Fayette County Sheriff's Department, and Vandalia Police Department. The sheriff and police departments are not suable entities under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnick*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). Moreover, the Complaint articulates no claim for relief against the municipalities, either. *Id*. To obtain relief against a municipality, such as Fayette County, a plaintiff cannot rely on a theory of *respondeat superior* lability because this doctrine is not recognized under § 1983. *Monell v. Dept. of Soc. Servs*., 436 U.S. 658, 69-91

(1978). A plaintiff must instead allege that his deprivation resulted from an official policy, custom, or widespread practice of the municipality. *Id. See also Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). The pleading suggests no such thing.

Count 1 does not survive screening against the defendants and shall be dismissed for failure to state a claim upon which relief may be granted.

### Count 2

When analyzed under the Fourteenth Amendment Due Process Clause, the claim fares no better. The Fourteenth Amendment guards against deprivations of life, liberty, and property without due process of law. U.S. CONST., amend. XIV. "To demonstrate a procedural due process violation of a property right, that plaintiff must establish that there is '(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process.'" *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) (quoting *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004)). The Supreme Court has recognized that a deprivation of property can violate the due process clause, *see Parrott v. Taylor*, 451 U.S. 527, 536-37 (1981); *but see Daniels v. Williams*, 474 U.S. 327 (1986), but due process is satisfied where the deprivation results from the random and unauthorized acts of a state official and there is an adequate post-deprivation remedy, *Hudson v. Palmer*, 468 U.S. 517 (1984).

Plaintiff's attempt to bring a *Monell* claim against Fayette County, Fayette County Sheriff's Department, and Vandalia Police Department fails here, for the same reasons it failed in Count 1. In addition, because a municipality can only be held liable for "acts which the municipality has officially sanctioned or ordered," municipal liability cannot be premised on the results of a random and unauthorized act. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

As for Plaintiff's claims against the individual officers, the Court notes that an individual

5

state actor's negligence does not implicate the Fourteenth Amendment. *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986). The individual defendants' deliberate seizure of this property also gives rise to no claim, albeit for different reasons. The intentional deprivation of property resulting from the random and unauthorized acts of a state official supports no claim under § 1983, if there is an adequate post-deprivation remedy under state law. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Gable v. City of Chicago*, 296 F.3d 531, 539-41 (7th Cir. 2002). Adequate post-deprivation remedies are available under Illinois law and include the common law tort claim of conversion. *See Davenport v. Giliberto*, 2013 WL 5432822 (N.D. Ill. 2013) (federal due process claim for deprivation of property dismissed where Illinois tort claim of conversion provided adequate post-deprivation remedy).

Count 2 shall thus be dismissed for failure to state a claim against any of the defendants.

**Count 3**

The Court can exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, Plaintiff's list of local and state law violations far outnumber the two federal constitutional claims, and the two federal claims do not survive screening. The Court has discretion to dismiss state law claims, where: (a) they predominate over the claims over which the district court has original jurisdiction; or (b) the district court has dismissed the claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(2)-(3). Because all federal constitutional claims are dismissed and the state law claims predominate, the Court declines to exercise supplemental jurisdiction over the state law claims. Count 3 shall therefore be dismissed without prejudice to the plaintiff re-asserting his state law claims in a separate action he brings in Illinois state court.

**Statute of Limitations**

Finally, Plaintiff's federal constitutional claims are time-barred.  Section 1983 claims are subject to the two-year statute of limitations applicable to personal injury claims in Illinois.  *See Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013); 735 ILCS § 5/13-202.  The point in time when a claim accrues and the two-year statute of limitations begins to run is a "matter of federal law, and generally occurs when a plaintiff knows that fact and the cause of an injury."  *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015); *Devbrow*, 705 F.3d at 767.  Claims for unlawful seizures accrue under the Fourth and Fourteenth Amendments "immediately" "at the time of the unlawful search or seizure."  *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("[A] claim asserting that a search or seizure violated the fourth amendment . . . accrues immediately."); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) (The Seventh Circuit has held "several times" that a "claim asserting a violation of the fourth amendment necessarily 'accrues' at the time of the unlawful search or seizure."); *Turentine v. City of Chicago*, 2014 WL 866509, at *3 (N.D. Ill. Mar. 4, 2014) (due process claim arising from alleged illegal seizure of weapons accrues at the "initial unlawful seizure of property") (citing cases).

Plaintiff alleges that the property was seized during a two-week period beginning on March 24, 2021.  (Doc. 1, p. 2).  He states that all property was taken "[o]n March 24th and the two weeks that followed."  *Id*.  The seizure of property concluded no later than April 7, 2021.  *Id*.  Plaintiff was required to bring suit under § 1983 on or before April 7, 2023.  The Complaint was signed on October 7, 2023 and filed on October 13, 2023.  Plaintiff commence this action six months *after* the statute of limitations for his claims expired.

A plaintiff can plead himself out of court by including factual allegations that establish that he is not entitled to relief as a matter of law.  *O'Gorman*, 777 F.3d at 888-89 (citing *Hollander v.*

7

*Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)).  Plaintiff has pleaded himself out of court, here, by setting forth allegations establishing that his Fourth and Fourteenth Amendment claims are time-barred.  *See also Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").  Counts 1 and 2—and this action—are thus dismissed with prejudice.

## Disposition

**IT IS ORDERED** that the **COMPLAINT** (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim.  **COUNTS 1** and **2** against **ALL DEFENDANTS** are **DIMISSED** with prejudice for failure to state a claim upon which relief may be granted and because the claims are time-barred.  **COUNT 3** against **ALL DEFENDANTS** is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction over Plaintiff's miscellaneous state law claims under 28 U.S.C. § 1367(c)(2)-(3).  The Court counts this dismissal as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action; the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. CIV. P. 4(A)(4).  If Plaintiff does choose to appeal, he must clearly state the issues he intends to appeal in the notice of appeal.  He will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the

appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  12/14/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
